# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE DIVISION

| | |
|---|---|
| **SHAWN DILLON,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**EBY-BROWN COMPANY, LLC,**<br><br>　　　　Defendant. | Civil Action No. __3:23CV-318-CHB__<br><br>Removed from Bullitt Circuit Court<br>Docket No. 23-CI-00082 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Eby-Brown Company, LLC ("Defendant"), by and through counsel, hereby respectfully appears for the purpose of removing to the United States District Court for the Western District of Kentucky at Louisville the action styled *Shawn Dillon v. Eby-Brown Company, LLC*, Case No. 23-CI-000240 (the "State Court Action"), currently pending in Bullitt Circuit Court, Shepherdsville, Kentucky. As grounds for the removal, Defendant states as follows:

　　1.　　Plaintiff Shawn Dillon ("Plaintiff") filed his Complaint against Defendant in Bullitt Circuit Court on March 28, 2023, in the Bullitt Circuit Court (the "Complaint"). Defendant was served on May 23, 2023. In the Complaint, Plaintiff appears to plead one claim: wrongful termination for violation of public policy.

　　2.　　All process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit A**.

　　3.　　Under 28 U.S.C. §§ 1441 and 1446, the State Court Action may be properly

removed to this Court at any time within thirty (30) days after Defendant's receipt of Plaintiff's Complaint and Summons. This Notice of Removal is timely filed.

## DIVERSITY OF CITIZENSHIP

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of the parties.

5. For diversity purposes, limited liability companies "have the citizenship of each…member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). A corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

6. Defendant is a Delaware limited liability company with its principal office in Illinois. *See* Eby-Brown Company, LLC 2023 Annual Report, attached hereto as **Exhibit B**.

7. Defendant's sole member is Performance Food Group, Inc., a Colorado corporation with its principal place of business in Virginia. *See id.*; *see also* Performance Food Group, Inc. 2023 Annual Report, attached hereto as **Exhibit C**.

8. Based upon Plaintiff's representations as to his residence in the Complaint, he is a citizen of Kentucky. *See* **Exhibit A**, Complaint at ¶ 1.

9. Thus, the parties are completely diverse.

## **AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS**

10. Although Plaintiff does not articulate a specific amount of damages, the damages he claims plainly exceed $75,000, exclusive of interest and costs.[1] A court must conduct a "fair reading" of Plaintiff's allegations in the Complaint to determine the amount in controversy. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

11. At a minimum, Plaintiff seeks damages for "great embarrassment, humiliation, mental anguish, and loss of wages, past and future." *See* **Exhibit A**, Complaint at ¶ 16. Plaintiff further seeks punitive damages. *Id.* at ¶ 17.

12. Plaintiff alleges he earned an hourly wage of $28.00 and worked 40 hours per week. *Id.* at ¶ 7.

13. Plaintiff alleges Defendant terminated his employment on or about April 25, 2022. Thus, as of June 12, 2023 (approximately 59 weeks after Plaintiff's termination), Plaintiff's alleged back wage damages alone exceed $66,000, exclusive of interest and costs. Assuming a trial will not occur for another 12 months, at the earliest, the amount in controversy clearly exceeds $75,000 in back wage damages alone. *See Davis v. Cotiviti, LLC*, No. 3:18-cv-00372-RGJ, 2019 U.S. Dist. LEXIS 49909 (W.D. Ky. Mar. 26, 2019) ("[B]ack pay accrued through the projected trial date is properly included in the amount-in-controversy calculation where . . . the plaintiff seeks past and future wages.").

14. Plaintiff further seeks compensatory damages for alleged "great embarrassment, humiliation, [and] mental anguish." *Id.* at ¶ 16. Given that the bare

---

[1] Defendant does not concede Plaintiff is entitled to any damages. The numbers set forth in this Notice of Removal pertain only to establishing the amount in controversy for jurisdictional purposes.

minimum of Plaintiff's alleged damages (back pay for April 25, 2022 through June 12, 2023) exceed $66,000, and his demand for compensatory damages "would be in addition to that amount," it is more likely than not that the amount in controversy for removal purposes exceeds $75,000. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 480 (6th Cir. 2014).

15. Finally, the amount in controversy requirement is further met by Plaintiff's demand for punitive damages. *Hayes*, 266 F.3d at 572 ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."). Punitive damages are not precluded as a matter of law for common-law wrongful termination for violation of public policy claims. *See Hill v. Ky. Lottery Corp.*, 327 S.W.3d 412, 430 (Ky. 2010). Even "a conservative 2:1 ratio of punitive damages to compensatory damages would lift the amount in controversy well over the threshold amount." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. Appx. 463, 743 (6th Cir. 2019).

16. As shortly and plainly stated above, the amount in controversy clearly exceeds the $75,000 threshold amount specified in 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'").

17. In sum, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Promptly upon filing this Notice of Removal, Defendant will give written notice to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Bullitt Circuit Court.

WHEREFORE, Defendant prays that this Court assume control over this action as this action is properly removed on the grounds of diversity jurisdiction.

Dated:   June 22, 2023.

Respectfully submitted,

*/s/ August Johannsen*
Jay Inman
jinman@littler.com
August T. Johannsen
ajohannsen@littler.com
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone:   859.317.7973
Facsimile:    859.201.1250

*Attorneys for Defendant*
*Eby-Brown Company, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 22nd day of June, 2023, the foregoing *Notice of Removal* has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

I further certify that, on said date, the foregoing was served via electronic mail upon the following counsel for Plaintiff:

> Joseph D. Gaines, Esq.
> GORSKI LAW OFFICE, P.S.C.
> 161 St. Matthews Avenue #7
> Louisville, KY  40207
> josephdgaineslaw@gmail.com

/s/ August Johannsen
An Attorney for Defendant

4869-3870-1674.1 / 059405-1063